'O'
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| NSP LA TRUST, | CASE NUMBER: |
| --- | --- |
| Plaintiff<br>v. | CV 15-6011-CAS(Ex) |
| STEPHEN CERVANTES; DANY VAR and DOES 1 to 10,<br><br>Defendant(s). | ORDER REMANDING CASE TO STATE COURT |

The Court <u>sua sponte</u> **REMANDS** this action to the California Superior Court for the County of  Los Angeles  for lack of subject matter jurisdiction, as set forth below.

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" <u>Syngenta Crop Protection, Inc. v. Henson</u>, 537 U.S. 28, 32 (2002) (quoting <u>Great Northern R. Co. v. Alexander</u>, 246 U.S. 276, 280 (1918)). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. <u>Id.</u>; <u>Nevada v. Bank of America Corp.</u>, 672 F.3d 661, 667 (9th Cir. 2012); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); <u>Dennis v. Hart</u>, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. <u>Abrego Abrego v.</u>

1 | Dow Chemical Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67. "Under the plain
2 | terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the
3 | removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal
4 | courts." Syngenta Crop Protection, 537 U.S. at 33. Failure to do so requires that the case be
5 | remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must
6 | remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346
7 | F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district
8 | court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is
9 | "elementary that the subject matter jurisdiction of the district court is not a waivable matter and
10 | may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua*
11 | *sponte* by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2
12 | (9th Cir. 1988).

13 | From a review of the Notice of Removal and the state court records provided, it is evident
14 | that the Court lacks subject matter jurisdiction over the instant case, for the following reasons.

15 | ☑ No basis for federal question jurisdiction has been identified:

16 |     ☑ The Complaint does not include any claim "arising under the Constitution, laws,
17 |        or treaties of the United States." 28 U.S.C. § 1331.

18 |     ☑ Removing defendant(s) asserts that the affirmative defenses at issue give rise to
19 |        federal question jurisdiction, but "the existence of federal jurisdiction depends
20 |        solely on the plaintiff's claims for relief and not on anticipated defenses to those
21 |        claims." ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality,
22 |        213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law"
23 |        does not "render[] an action brought in state court removable." Berg v. Leason, 32
24 |        F.3d 422, 426 (9th Cir. 1994). A "case may not be removed to federal court on the
25 |        basis of a federal defense . . . even if the defense is anticipated in the plaintiff's
26 |        complaint, and even if both parties admit that the defense is the only question truly
27 |        at issue in the case." Franchise Tax Bd. v. Construction Laborers Vacation Trust,
28 |        463 U.S. 1, 14 (1983).

    ☑ The underlying action is an unlawful detainer proceeding, arising under and
       governed by the laws of the State of California.

1   ☑ Diversity jurisdiction is lacking:

2       ☑ Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. §
3          1332(a).

4       ☑ The Complaint does not allege damages in excess of $75,000, and removing
5          defendant(s) has not plausibly alleged that the amount in controversy requirement
       has been met. Id.; see Dart Cherokee Basin Operating Co., LLC v. Owens, No.
6          13-719, 2014 WL 7010692, at *6 (U.S. Dec. 15, 2014).

7       ☑ The underlying unlawful detainer action is a limited civil action that does not
8          exceed $25,000.

9   IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the Superior

10  Court of California listed above, for lack of subject matter jurisdiction.

11  **IT IS SO ORDERED.**

12  

13  Date: _August 12, 2015_              *Christina A. Snyder*

14                                                  United States District Judge